RANDOLPH, Presiding Justice,
concurring in part and dissenting in part:
¶ 31. Today’s case involves two Alabama companies that chose to avoid Mississippi’s certification requirements for contractors by colluding to enter into a construction contract to perform services in Mississippi. I agree with Justice Coleman that the contract violates the public policy of this State. It seems a bit absurd to allow a party that knowingly entered into a contract that is unenforceable under Mississippi law, to alternatively obtain relief under an equitable theory. Equity is available only to those who have clean hands. See R.K. v. J.K., 946 So.2d 764, 774 (Miss.2007) (“It is one of the oldest and most well known maxims that one seeking relief in equity must come with clean hands or face refusal by the court to aid in securing any right or granting any remedy”) (emphasis added). Under the facts presented, neither party should receive aid from Mississippi courts.
¶ 32. Mississippi Code Section 31-3-15 explicitly prohibits entering into a contract with a contractor who does not have a current certificate of responsibility, and declares such contracts null and void. Miss.Code Ann. § 31-3-15 (Rev.2010). The circumvention of Section 31-3-15 to provide remedies to parties that violate the public policy and statutory law of this State oversteps our constitutional function to enforce laws and contracts as written. Today’s decision frustrates the Legislature’s public policy of requiring certification and nullifying enforcement of such agreements. It enables noncompliant contractors to avoid the Legislature’s requirements without penalty. It utilizes Mississippi courts to thwart the legislative enactment. It will encourage other contractors to ignore the law, for there will be no penalties or repercussions. Lest we forget, equity follows the law. See In re Estate of Miller, 840 So.2d 703, 708 (Miss.2003) (“courts have consistently held that under the equitable doctrine that ‘equity follows the law,’ courts of equity cannot modify or ignore an unambiguous statutory principle in an effort to shape relief’ (citations omitted)). Following the law would have provided both parties with a remedy: an action for breach of contract.
¶ 33. Our courts will not enforce contracts that are illegal under our statutes. *376 “No action can be based on an illegal agreement. The foundation of this rule is in the policy of discouraging illegal agreements by refusing all judicial aid to the parties to them. And it applies to any agreement which is prohibited by statute.” Powelson v. National Airlines, 220 Miss. 595, 607, 71 So.2d 467, 471 (1954) (citation omitted). Should not the majority overrule Powelson to facilitate this newfound recovery for illegal agreements? Equity is the epitome of judicial aid. Today’s result is legally and equitably absurd. Both parties have unclean hands; the actions of each are violative of the statute and against public policy. Both parties should be prevented from recovering under a non-contractual theory for any losses related to their illegal agreement, an illegally-entered contract. Making equitable remedies available for an illegally-entered contract, made with full awareness of its illegality, defies both logic and the Legislature’s explicit determination that such contracts are not to be enforced by the courts of this state. For these reasons, I join Justice Coleman’s dissent.
PIERCE AND COLEMAN, JJ, JOIN THIS OPINION.